LAW OFFICES OF ROBERT J. GUMENICK, PC
Proposed Attorneys for the Debtor
160 Broadway, Suite 1100
New York, New York   10038
(212) 608-7478

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                              Chapter 11
                                                                    Case No.  10-12723-mg

          SWEET N SOUR 7TH AVE CORP.,

                              Debtor.

-------------------------------------------------------------x

**DECLARATION OF ROBERT J. GUMENICK, PC OBJECTING TO MOTION OF FOX
716 REALTY LLC FOR AN ORDER MODIFYING THE AUTOMATIC STAY OF 11
U.S.C. §362 TO PERMIT ENFORCEMENT OF WARRANT OF EVICTION AND
CONTINUATION OF NON-PAYMENT SUMMARY PROCEEDING IN STATE COURT**

          ROBERT J. GUMENICK, deposes and says.

    1.     I am the principal of Law Office of Robert J. Gumenick, PC ("Law Office"), with offices

          at 160 Broadway, Suite 1100, New York, New York 10038.  I have made application

          to be counsel to the Debtor in this case.

    2.     I submit this declaration ("Declaration") in opposition to the motion by Fox 716 Realty

          LLC for an order modifying the automatic stay of 11 U.S.C. §362 to permit enforcement

          of warrant of eviction and continuation of non-payment summary proceeding in state court.

    3.     The motion alleges that because the lease is not property of the Debtor's estate, cause

          exists to modify the automatic stay under Bankruptcy Code Section 362(d)(1).    In

          support of this argument, the movant alleges that because the lease is not property of the

1

estate, the lease cannot be assumed or assigned, is not necessary for the Debtor's

reorganization, and therefore it follows that, under the factors enunciated in Sonnax Indus.,

Inc. V. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2nd Cir.

1990), "cause" exists to modify the automatic stay.

4.      As discussed below, the movant's basic premises is incorrect.   Under the facts pertaining

hereto and the statutory and decisional law by which this court is bound, the lease is

property of the estate (in fact, its major asset), is essential to the Debtor's effort to propose

a plan of reorganization and may be assumed or assigned in accordance with the

Bankruptcy Code.

5.      Accordingly, the motion must be denied.

## THE LEASE DID NOT EXPIRE BY ITS TERMS PRIOR TO THE COMMENCEMENT OR DURING THIS CASE AND THE DEBTOR HAS A STATUTORY RIGHT TO SEEK VACATUR OF THE WARRANT OF EVICTION

6.      As recited in the moving papers, the movant and the Debtor entered into a Stipulation of

Settlement of a non-payment summary proceeding in the Housing Court. The Stipulation is annexed as

Exhibit D to the motion.

5.      Under the Stipulation, the Debtor agreed to a final money judgment in the amount of

$50,591.02.

6.      The Debtor did not unconditionally agree to the termination of the landlord-tenant

relationship.

7.      The movant was contractually prohibited from executing the warrant of eviction provided

for in the Stipulation until a default in the payment plan occurred, notice of cure was given and the time to cure expired.  Only at that point could the movant seek to execute the warrant by instructing the marshal to serve a notice of eviction (a "six day notice").

8.      The movant's argument that because the Debtor's failure to cure the default irrevocably terminated the stay is incorrect.

9.      Section 749 of the New York Real Property Actions and Proceedings Law provides that

"This issuing of a warrant for removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof..." (emphasis supplied)

10.     Against this backdrop, under Bankruptcy Law, as explained below, the lease is property of the estate.

11.     Section 541(a)(1) of the Bankruptcy Code provides that:

"The commencement of a case...creates an estate.  Such estate is comprised of all of the following property, wherever located and by whomever held: (1)...all legal or equitable interests of the debtor in property as of the commencement of the case..."

12.     In In re Atlantic Business and Community Corporation v. Atlantic Business and Community Development Corporation, 901 F2d 325 (3rd Cir. 1990), the Court citing to Section 541, and further citing In Re 48th St. Steakhouse, Inc., 835 F.2d 427, 430 (2nd Cir. 1987), cert denied, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed. 910 (1988) held that "a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362."

13.      Further, in In re P.J. Clarke's Restaurant Corp., 265 B.R. 392, 397 (SDNY 2001), this Court discussed the circumstances where a lessee of non-residential property claimed that the lease remained property of the estate where the lease was terminated by virtue of the expiration of a conditional limitation, where a warrant was issued immediately. The bankruptcy court rejected the landlord's argument and held that the lease must be regarded as unexpired within the meaning of Section 365(d)(3) of the Bankruptcy Code.      The bankruptcy court stated that there is persuasive authority that a lease is "unexpired" for the purposes of section 365(d)(3) if it has been terminated prepetition but can still be reinstated in accordance with state procedures.   The bankruptcy court noted that the Debtor had moved for relief from the automatic stay to appeal the Civil Court decision, and a reversal of that decision by the state appellate court would reinstate the tenancy and the lease.

14.      The instant case is on all fours with the P.J. Clarke's Restaurant Corp. decision.

15.      The lease is property of the estate under the foregoing analysis.

**THE LEASE IS NOT EXCLUDED FROM THE DEBTOR'S ESTATE UNDER SECTION 541(b)(2) OF THE BANKRUPTCY CODE.**

16.      The movant cites Section 541(b)(2) at Paragraphs 21 through 24 of the motion. However, it is clear that Section 541(b)(2) is not applicable here. Section 541(b)(2) excludes from the estate a lease of non-residential real property any interest of the debtor as lessee under a lease that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title.

17.      The movant does not allege (because it cannot) that the lease expired by its terms before or during the commencement of this case.

**THE MOVANT HAS NOT DEMONSTRATED CAUSE**

**TO MODIFY THE AUTOMATIC STAY**

18.    The movant's argument that "cause" exists to modify the automatic stay is wrong

19.    As noted above, the lease is property of the estate.  In fact, the lease is the Debtor's major asset and is essential to the Debtor's plan of reorganization.

20.    In Theatre Holding Corp. V. Mauro, 681 F2d 102, 9 Bank. Ct. Dec. 263, Bankr. L. Rep. P 68,712 (2nd Cir. 1982), citing with approval In re Midtown Skating Corp., 3 Bankr. 194, 197 (Bankr. S.D.N.Y. 1980) the court discussed the importance of a leasehold interest to a debtor's reorganization efforts.

"On the other hand, the lease is Theatre Holding's primary asset.  Theatre Holding's decision to assume or reject the lease would be central to any plan of reorganization in this Chapter 11 proceeding. In giving the debtor only 30 days to assume or reject, the bankruptcy court did not consider that Congress had rejected a 30-day limit in §365(d)(2).  In its decision, the bankruptcy court did not address prior case law, which held that "the right of receivers or trustees to a reasonable period of time is paramount to the lessor's right to re-enter (citation omitted).   Under the old Act, the trustee's right was paramount "in furtherance of what Congress has sought to achieve in Chapter XI, for unless a debtor has the leeway needed to appraise its financial situation and the potential value of its assets in terms of the formulation of a plan, the opportunity given by that Chapter would be frustrated." In re Midtown Skating Corp., 3 Bankr. 194, 197 (Bankr. S.D.N.Y. 1980)"

23.    As in the above case, the lease is the Debtor's primary asset.

24.    Since the Debtor is timely paying administrative rent to the landlord, and since the lease is assumable under Section 365(d)(2), there is no cause to modify the automatic stay.

5

25.     Moreover, the movant as landlord has not filed a claim for post-petition rent or moved to

fix its claim for administrative expenses under Section 503(b) of the Bankruptcy Code.

## THE DEBTOR IS ENTITLED TO ASSUME OR REJECT THE LEASE

26.     Section 365(d)(3) of the Bankruptcy Code provides that

"The trustee shall timely perform all of the obligations of the debtor...arising from and after the order

for relief under any unexpired lease of nonresidential real property, until such lease be assumed or rejected,

notwithstanding section 503(b)(1) of this title.  The court may extend, for cause, the time for performance

of any such obligation that arises within 60 days after the date of the order for relief, but the time for

performance shall not be extended beyond such 60-day period." (emphasis supplied).

27.     Notwithstanding the fact that the landlord/movant has not sought to fix its administrative

claim, the  Debtor has tendered post-petition rent at the contract rate to the movant for the post-petition

period.

28.     In Omni Partners, LP v. Pudgie's Dev. Of NY, Inc. (In re Pudgies Dev. Of NY, Inc., 239

B.R. 688, 697 (S.D.N.Y. 1999), the Court concluded that the right to timely performance of the Debtor's

obligations under a lease of non-residential real estate is not equivalent to a superpriority with regard to

administrative claims.

29.     The burden is on the movant/landlord to affirmatively seek payment of its administrative

claims.  11 U.S.C. 503(a).

## THE SONNAX FACTORS DO NOT SUPPORT

## MODIFICATION OF THE AUTOMATIC STAY

30.     The movant's discussion of the Sonnax Factors is inapposite.

31.     Because the lease is property of the estate and central to the Debtor's plan of reorganization, the movant/landlord's discussion of the Sonnax factors which incorrectly assert that the lease is not property of the estate is incorrect and misleading.

## CONCLUSION

32.     For the foregoing reasons, the motion should be denied.

Dated:          New York, New York
                June 9, 2010

                              Respectfully submitted,

                              LAW OFFICE OF ROBERT J. GUMENICK, PC
                              Attorney for Debtor

                              By: S/Robert J. Gumenick
                                     Robert J. Gumenick
                              160 Broadway, Suite 1100
                              New York, New York 10038
                              (212) 608-7478